**United States Bankruptcy Court**
**District of Minnesota**

IN RE:                                                                                                   Case No. _____
**Jones, Christopher L. & Jones, Lana M.**_____        Chapter **13** _____
                                         Debtor(s)

## CHAPTER 13 PLAN
Dated: **November 10, 2014** .

**1. PAYMENTS BY DEBTOR TO TRUSTEE** –
a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
b. After the date of this plan, the debtor will pay the trustee $ **varies**[1] per **month** for **60** months, beginning within 30 days after the filing of this plan for a total of $ **68,632.00**. The minimum plan length is **[ ]** 36 or **[X]** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee: **n/a**
d. The debtor will pay the trustee a total of $ **68,632.00** [line 1(a) + line 1(b) + line 1(c)].
[1] **22 payments of $1,059.00 followed by 38 payments of $1,193.00**

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **6,863.20** , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** –**None**

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – **None**

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Claim* |
|---|---|
| **Suntrust Bank Atlanta** | **2010 Cadillac Escalade (71,960 miles)** |
| **Wells Fargo Hm Mortgage** | **Homestead located at 5090 192nd St. W., Farmington, MN 55024** |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – **None**

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – **None**

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – **None**

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | *Estimate Claim* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Atlas Law Firm, LLC** | 3,000.00 | 750.00 | 1 | 4 | 3,000.00 |
| **IRS** | 0.00 | PRO RATA | PRO RATA | PRO RATA | 0.00 |
| **MN Dept. of Rev.** | 0.00 | PRO RATA | PRO RATA | PRO RATA | 0.00 |
| **Domestic Support** | 0.00 | 0.00 | NA | 0 | 0.00 |
| TOTAL | | | | | 3,000.00 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – **None**

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **58,768.80** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **104,095.00**.
c. Total estimated unsecured claims are $ **104,095.00** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

**The debtors shall provide the trustee with copies of the debtors' federal and state income tax returns annually for the duration of the chapter 13 case. The debtors may keep the entire Earned Income Credit ("EIC"), if any. The debtors shall subtract the amount of the EIC, if any, from the federal income tax refund. Thereafter, the debtors may keep the first $2000 of the combined federal and state tax refunds in a joint case. Any amount in excess of $2000 in a joint case shall be paid to the trustee as an additional plan payment.**

**The debtor shall report the receipt of any bonuses to the trustee and shall not spend, transfer, pledge or dissipate any portion of any such bonus until a determination has been made as to the amount to be paid into the plan as an additional plan payment.**

**The debtors will pay the student loan debt to U.S. Dept. of Education/ GLEISI through the chapter 13 plan.**

**14. SUMMARY OF PAYMENTS** –

| | |
|---|---|
| Trustee's Fee [Line 2] | $ **6,863.20** |
| Home Mortgage Defaults [Line 6(d)] | $ **0.00** |
| Claims in Default [Line 8(d)] | $ **0.00** |
| Other Secured Claims [Line 8(d)] | $ **0.00** |
| Priority Claims [Line 9(f)] | $ **3,000.00** |
| Separate Classes [Line 10(c)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **58,768.80** |
| TOTAL [must equal Line 1(d)] | $ **68,632.00** |

**Michael J. Sheridan 0388936
Atlas Law Firm, LLC
7900 International Dr., Ste 300
Bloomington, MN  55425
(952) 373-5455**

Signed: _/s/ Christopher L. Jones_
                    DEBTOR

Signed: _/s/ Lana M. Jones_
                    DEBTOR (if joint case)